UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MALVIA M. FRECKLETON,<br><br>                    Plaintiff,<br><br>          -against-<br><br>MERCY COLLEGE NY; SUSAN MOSCOU;<br>MIRIAM FORD,<br><br>                    Defendants. | 22-CV-1985 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff, who is appearing pro se, brings this action under Title VII of the Civil Rights Act, alleging race and disability discrimination in her education at Mercy College. By order dated March 25, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, to waive the filing fees.

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding

that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Mercy College NY, Susan Moscou, and Miriam Ford through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to issue summonses for Mercy College NY, Susan Moscou, and Miriam Ford, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:   March 31, 2022
        White Plains, New York

                                                KENNETH M. KARAS
                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Mercy College NY
   555 Broadway
   Dobbs Ferry, New York 10522

2. Susan Moscou
   Mercy College NY
   555 Broadway
   Dobbs Ferry, New York 10522

3. Miriam Ford
   Mercy College NY
   555 Broadway
   Dobbs Ferry, New York 10522